## Westney et al. *v.* Lyon, Appellant.

*Brokers—Commissions—Division of commissions — Evidence—Collateral fact.*

1. In an action to recover half of the commissions on a sale of real estate, which plaintiff claims defendant agreed to pay him, the court properly refused to permit defendant to offer to show by a witness that he had agreed to give the witness one-half of "what might be obtained" by defendant.

2. If, in such case, defendant desired to show that he had agreed to give half of the entire commissions to the witness, and that he would have had nothing remaining to himself, if plaintiff's story were true, he should have made his offer plain, for on review all intendments must be taken in favor of the correctness of a ruling attacked.

Argued January 11, 1924. Appeal, No. 118, Jan. T., 1924, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 5859, on verdict for plaintiff, in case of John S. Westney and George A. Buckley to use of John S. Westney et al. v. Gustave Lyon. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ. Affirmed.

Assumpsit for half of commissions on sale of real estate. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,329.18. Defendant appealed.

*Error assigned* was, inter alia, exclusion of evidence referred to in opinion of Supreme Court, quoting bill of exception.

292     WESTNEY et al. *v.* LYON, Appellant.

*Maurice B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellant.—Indirect or circumstantial evidence is relevant and admissible in evidence if it tends to make a material fact in issue more or less probable: Stevenson v. Stewart, 11 Pa. 307; Pratt v. Jewelry Co., 69 Pa. 53; Tams v. Lewis, 42 Pa. 402; Rodgers v. Stophel, 32 Pa. 111; Rowland v. Slate, 58 Pa. 196; Johnson v. Com., 115 Pa. 369; P., B. & W. R. R. v. Perna, 272 Pa. 569; McCarthy v. Murray, 41 Pa. Superior Ct. 482.

Evidence of a collateral transaction is admissible where it corroborates more direct testimony: Hamilton v. Hastings, 172 Pa. 308; Holman v. Fesler, 7 W. & S. 313; Curtin v. Gas Co., 233 Pa. 397; Costa v. Musumando, 34 Pa. Superior Ct. 496; Jobe v. Mondereau, 67 Pa. Superior Ct. 311.

*John McConaghy, Jr.,* for appellee, was not heard.

PER CURIAM, February 4, 1924:

This is an action in assumpsit on an alleged contract to split the commissions paid to defendant as broker in the sale of a certain piece of real estate. Defendant collected a commission of $6,500, of which plaintiffs demanded, and sued to recover, one-half, contending that defendant had agreed so to divide his commission with them. Defendant denied the making of any such agreement, but the jury found against him; judgment was entered on a verdict in favor of plaintiffs and this appeal followed.

In support of the denial of the alleged agreement, counsel for defendant offered testimony by one of his witnesses that the latter "had an arrangement with [defendant] to receive one-half of whatever commission might be obtained by him......for the purpose of showing that it was altogether improbable that defendant would have made any other arrangement with the plaintiffs in this suit that would have left him high and dry and put him in the position whereby he would have two

outstanding contracts and would have nothing remaining for himself on a piece of business which required his services and attention." We cannot hold that the trial judge erred in refusing this offer, for, even if the evidence was admissible on the theory tendered (a point we do not decide), the offer is merely to show defendant was to give the witness one-half of "what might be obtained by him," not one-half of the entire commission paid by his client; therefore it would not follow that "he would have nothing remaining for himself." If the purpose of the offer was to show an agreement on the part of defendant to pay the witness one-half of the entire commission, that should have been made plain; for, on review, all intendments must be taken in favor of the correctness of a ruling attacked.

The judgment is affirmed.